CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JAMES E. WARREN, II, <br><br>  Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br>  Defendant. | Civil Action No. 5:06CV00088 <br><br> **MEMORANDUM OPINION** <br><br> By:  Hon. Glen E. Conrad <br>       United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, James E. Warren, II, was born on February 21, 1959, and eventually completed his high school education. Mr. Warren has worked primarily as a carpenter, and also as a warehouseman. He last worked on a regular basis in 2001. On February 24, 2005, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Warren alleged that he became disabled for all forms of substantial gainful employment on September 17, 2001 due to disc

problems and degenerative arthritis in his cervical spine and back. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Warren met the insured status requirements of the Act through the fourth quarter of 2004, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2004. See, gen., 42 U.S.C. § 423.

Plaintiff's claim for benefits was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 12, 2006, the Law Judge also determined that Mr. Warren is not disabled. The Law Judge found that plaintiff suffers from a cervical back disorder. Because of this condition, the Law Judge determined that Mr. Warren is unable to perform his past relevant work activities as a carpenter and warehouseman. However, the Law Judge ruled that, at all relevant times prior to December 31, 2004, Mr. Warren retained sufficient functional capacity to engage in light levels of exertion. The Law Judge assessed plaintiff's residual functional capacity during the relevant period as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work requiring lifting up to twenty pounds occasionally and ten pounds frequently, standing and/or walking up to six hours in an eight-hour workday, and sitting up to six hours in an eight-hour workday, with no limitations regarding postural activities other than restricted head/neck movement. (TR 16).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that, at all relevant times on and before December 31, 2004, Mr. Warren retained sufficient functional capacity

2

to perform several specific light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Warren has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Warren experienced a severe work-related injury to his neck in 2000. Because of prolonged difficulties in securing workmen's compensation, plaintiff was unable to obtain adequate medical treatment until 2004. On May 24, 2004, Mr. Warren underwent anterior cervical discectomy, decompression, and fusion at C4-C6. During that same period, he was noted to experience some right-sided disc protrusion at C3-4, though without notable symptoms. Diagnostic studies also revealed the presence of a lipoma, which was also considered to be asymptomatic. While Mr. Warren has experienced some recurrence

3

of symptoms since the surgery, including pain and weakness, particularly in his neck and left upper extremity, the court must agree that the medical reports fail to document a musculoskeletal impairment of disabling severity. While it is true that a report from Mr. Warren's treating orthopedic surgeon suggests that plaintiff is "most likely headed towards disability," the court finds that the reports from the same physician fail to document any impairment of disabling severity on or before termination of insured status. In denying Mr. Warren's claim, the Administrative Law Judge also relied on testimony from a medical expert at the administrative hearing. The court concludes that the Commissioner's assessment of Mr. Warren's claim is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

The court agrees that proper disposition of this case turns on an interpretation of reports from Dr. Robert C. Kime, III, Mr. Warren's orthopedic surgeon. Dr. Kime performed the cervical procedure on May 24, 2004, and he followed Mr. Warren thereafter. On July 5, 2005, Dr. Kime opined that Mr. Warren "perhaps could do some lighter-duty work." (TR 333) On August 31, 2005, the same day on which he indicated that Mr. Warren was "headed towards disability," Dr. Kime summarized plaintiff's status as follows:

> He continues to have persistent pain in his neck and into his L shoulder and L arm with weakness of his L biceps and grip strength. He puts forth a relatively poor effort when trying to do manual motor testing. We sent him for a FCE with Bill Whiteford at Appalachian PT. This showed evidence of very poor effort with evidence of the patient being inconsistent and also showing evidence of depression. The patient's efforts were felt to be inconsistent and his symptoms seemed to be exaggerated. James stated that he spent about an hour filling out questionaires [sic] and only about 15 minutes with the therapist. Based on this evaluation, the therapist stated that he could work at sedentary capacity and could work a 40 hour work week with sedentary restrictions of no more than 10 lbs of occasional lifting and less than 7 lbs frequently. (TR 330).

4

Reports from the physical therapist also confirm the impression that Mr. Warren's severe complaints were not proportionate to his overall physical status. In short, the court believes that there is a reasonable basis in the record to support the Law Judge's finding that plaintiff's complaints of disabling neck and arm problems are not supported by objective evidence. The court also believes that there is substantial evidence to support the finding that Mr. Warren retains sufficient functional capacity for lighter forms of work activity.

The Administrative Law Judge's opinion also finds support in the opinions of Dr. Kenneth Cloninger, a medical expert who testified at the administrative hearing. Dr. Cloninger also indicated that there was no reasonable explanation for plaintiff's continuing complaints of pain in his left upper extremity. (TR 375). Based on his assessment of the medical record, the medical expert was unable to document the existence of any manipulative problems that would render plaintiff disabled for all forms of work activity.

The court also believes that the Administrative Law Judge properly relied on testimony of the vocational expert in identifying alternate work roles in which Mr. Warren could be expected to perform. In questioning the vocational expert, the Law Judge posed a hypothetical question which included all of the particular functional restrictions identified by Dr. Kime and Dr. Cloninger. The vocational expert identified several light and sedentary work roles which could be performed despite such functional restrictions. It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in this case.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Warren is free of all pain, discomfort, and weakness. Indeed, the medical record confirms that Mr.

Warren has suffered from a very serious injury to his neck, which has required surgery and which can be expected to result in continuing symptoms of pain and weakness. However, it must again be noted that plaintiff's treating surgeon has indicated that Mr. Warren's level of symptomatology is somewhat inconsistent with the objective medical findings. While the court agrees that some of Dr. Kime's comments are subject to differing interpretations, the court finds substantial evidence to support the Law Judge's reading of Dr. Kime's reports as to indicate Mr. Warren's residual functional capacity for lighter forms of work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge went to some length in identifying all of the objective and subjective limitations suffered by Mr. Warren. Indeed, the court believes that the Law Judge gave plaintiff all benefit of the doubt in assessing his residual functional capacity. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 6th day of July, 2007.

/s/ Glen E. Conrad
United States District Judge

6

Case 5:06-cv-00088-GEC   Document 16   Filed 07/06/07   Page 6 of 6   Pageid#: 54